CARR & NEFF LUMBER COMPANY, APPELLEE, v. PETER KROGH, APPELLANT.

FILED OCTOBER 31, 1913.    No. 17,353.

Mechanics' Liens: TIME FOR FILING. Where a tenant, in June, 1909, purchased, under authority previously given by his landlord, material for the erection of a barn and the repair of a house and fence upon the landlord's property, which material was furnished in that month, the fact that in the latter part of September the landlord authorized the purchase of other material to be, and which was, used in making a potato cellar does not operate to extend the time for filing a lien for the material furnished in June to four months from the last delivery under the September contract.

APPEAL from the district court for Morrill county: HANSON M. GRIMES, JUDGE. *Affirmed as modified.*

*Williams & Williams,* for appellant.

*G. J. Hunt, contra.*

LETTON, J.

Action to foreclose mechanic's lien. The petition alleges that between June 12, 1909, and November 8, 1909, the plaintiff, under a verbal contract, delivered to defendant certain building material to be used in the construction and repair of a dwelling house, barn, potato cellar, and other buildings upon defendant's premises; that a lien was duly filed within four months of the time

of furnishing the material. An itemized account is attached to the petition. The defendant denies that he ever bought or ordered of plaintiff, or that he was ever furnished, any lumber or building material of any kind prior to the 28th of September, 1909, but admits that the material alleged to have been purchased from that time to November 8, 1909, inclusive, was sold and delivered to him. He admits the filing of the lien, and pleads that he was then indebted to plaintiff in the sum of $97.70, which he has since fully paid.

The real controversy seems to be as to whether the purchase of the items furnished before September 28 was authorized by the defendant. It is undisputed that the material furnished was used in making improvements upon defendant's farm. The testimony shows that plaintiff furnished the material at the request of one Farmer, who was defendant's lessee. Farmer testifies that at the time he leased the land Krogh directly authorized him to procure the material used in building the barn and repairing the house and fences upon the farm. These items were all furnished in June, 1909. This is corroborated by other witnesses, who testified, with respect to admissions made by Mr. Krogh, that he had told Farmer that he would stand good for the lumber and material he got that was necessary to use on the place. There is other testimony that, when presented with a bill for the whole amount of material furnished, he said: "That is all right; he had given Mr. Carter an order for some lumber, and when he got through with it he would settle the whole thing." While denying authority to Farmer to buy the specific items in the bill, Krogh himself testifies: "I did tell Mr. Wiggins at that time that I had told Mr. Farmer I would pay for all the lumber he had ordered that was necessary on the place." There seems to be no dispute but that all material ordered was used upon the farm. The only other matter that is in controversy is whether the material furnished in June was furnished under a separate contract from that furnished in September. If so, then the

purported lien filed upon the premises was filed more than four months after the furnishing of the material, and is therefore void.

While we agree with the district court, upon conflicting evidence, that the purchase of the material in June was authorized by Mr. Krogh, still we find no evidence in the record that authority was then given to Farmer to purchase material for the potato cellar. The undisputed testimony shows the material for the house, barn and fence was all that was embraced in the June contract. This being so, we are of opinion that the four months' time in which to file a lien for the June bill expired before December 31, 1909, when the lien was filed, and that the court erred in holding that a lien attached for the amount of the June bill, since all other items are shown to have been paid.

The judgment and decree of the district court is therefore modified by setting aside that portion which finds that plaintiff is entitled to a lien upon the premises, but in all other respects the judgment is affirmed; all costs in this court taxed to appellee.

AFFIRMED AS MODIFIED.

REESE, C. J., BARNES and HAMER, JJ., not sitting.